IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARLEY THOMAS MILLER, # S-00346, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-1181-NJR |
| | ) |
| LISA MADIGAN, | ) |
| CRISTOPHER L. HIGGERSON, | ) |
| and UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff is currently incarcerated at Lawrence Correctional Center ("Lawrence"), where he is serving a six-year sentence. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming that Defendants have failed to ensure that he would receive adequate treatment for his serious medical conditions. He also invokes the Federal Tort Claims Act, 28 U.S.C. §§ 1346; 2671-2680, and asserts a common-law negligence claim (Doc. 1, pp. 1, 8). The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff states that prior to September 24, 2015, he wrote to Defendant Madigan (the Illinois Attorney General) regarding the "denial of medical treatment into life threatening circumstances with undo pain and suffering" which he had experienced at Lawrence (Doc. 1, p. 8). He does not elaborate on his medical problems within the complaint, but he refers to several attached exhibits in which he describes his ailments. These include sharp abdominal pain and rectal bleeding during bowel movements, gastro-intestinal bleeding (black stool), a large lump in his lower abdomen, small lumps on both testicles, and severe constipation (Doc. 1-1, pp. 1, 5). In his letter to Defendant Madigan, Plaintiff offered to provide testimony regarding a "frivolous lawsuit" filed by another inmate, in exchange for receiving emergency medical treatment for his

various ailments. Defendant Higgerson (an Assistant Attorney General) wrote back to Plaintiff on behalf of Defendant Madigan, stating that the Attorney General "will not offer anything in exchange for testimony" (Doc. 1-1, p. 2). Defendant Higgerson further noted that he had forwarded Plaintiff's letter to prison officials at Lawrence to inform them of Plaintiff's concerns.

Plaintiff also includes with his exhibits several pages of his medical records, showing that he was evaluated and treated for rectal bleeding, abdominal pain, constipation, and irritable bowel syndrome from July through October 2014 (Doc. 1-1, pp. 6-10). He further submits copies of grievances, responses, and "offender requests" indicating his dissatisfaction with the diagnosis and his claims that medical staff did not address his requests for medical attention (Doc. 1-1, pp. 11-19, 22).

Invoking the Eighth Amendment and Illinois statutes that require the Illinois Department of Corrections to provide inmates with adequate medical care, Plaintiff argues that Defendant Madigan violated his constitutional rights because his letter placed her on notice of the "Deplorable Deprivations" of his rights (Lawrence officials' denial of medical treatment), and she failed to intervene (Doc. 1, pp. 9-10). He notes that in addition to his single letter of complaint, Defendant Madigan is aware of an "unnecessary number of civil rights suits" filed by Lawrence inmates claiming deliberate indifference to their medical needs, in which her office is providing representation (Doc. 1, p. 11). This should have indicated to her that prison administrative procedures are unavailable to address the deprivations of Plaintiff's rights. Defendant Madigan "has the legal right to intervene" to correct constitutional violations. *Id*. He reasons that because she failed to intervene after Plaintiff wrote to her about the alleged lack of medical care, she should be held liable for the ongoing deliberate indifference to his medical needs. Plaintiff seeks compensatory damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count One:** Eighth Amendment claim against Defendants Madigan and Higgerson, for failing to intervene to require Lawrence officials to provide adequate medical care to Plaintiff;
>
> **Count Two:** State law negligence claim against Defendants Madigan and Higgerson, for failing to intervene to require Lawrence officials to provide adequate medical care to Plaintiff;
>
> **Count Three:** Claim against Defendant United States of America under the Federal Tort Claims Act.

After fully considering the allegations in Plaintiff's complaint, and accepting all factual allegations as true, the Court concludes that this action is subject to summary dismissal for failure to state a claim upon which relief may be granted against any of the Defendants.

**Dismissal of Count One – Deliberate Indifference to Serious Medical Needs**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm."

*Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Plaintiff's description of his symptoms and pain, as well as the medical records he includes, indicate that he has one or more objectively serious medical conditions. It may be that the Lawrence medical staff responsible for providing Plaintiff with health care services has been deliberately indifferent to his condition, but it is equally possible that their treatment meets constitutional standards. In any case, Plaintiff has consciously avoided targeting his nurses or doctors as Defendants in this action–instead, he has deliberately focused his claims on two state officials who are not health care providers and who are far removed from the day-to-day operations of the prison where Plaintiff is confined.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). In a civil rights action filed under 42 U.S.C. §1983, the doctrine of *respondeat superior* (supervisory liability) does not apply. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Thus, a state official who is personally responsible for providing medical care to an inmate may be found liable for deliberate indifference. A supervisor will not incur liability for an Eighth Amendment violation committed by another employee, however, unless his or her knowledge of the alleged unconstitutional conduct rises to the level of "deliberate, reckless indifference," indicating s/he has purposefully ignored the misconduct of his/her subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th

Cir. 2001) (discussing *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")). *See also Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (prisoner stated a claim against warden and grievance officials who had actual knowledge of his serious medical condition and inadequate care through his "coherent and highly detailed grievances and other correspondences," yet failed to intervene).

Here, Plaintiff refers to a single letter he directed to Defendant Madigan, which he claims put her on notice that his medical needs were being ignored. This communication does not come anywhere close to establishing a level of knowledge of Plaintiff's predicament that could support a claim for deliberate indifference to his medical condition, against either Defendant Madigan or Defendant Higgerson. Moreover, these Defendants took action in response to Plaintiff's letter– they forwarded it to Lawrence officials for a response. He cannot claim that they ignored his plea.

Plaintiff's theory of liability against Defendants Madigan and Higgerson is akin to the flawed logic described by the Seventh Circuit in *Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009). Prisoners often appear to believe that any prison employee or state official who knows (or should know) about their problems has a duty to fix those problems. That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. *See also Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of *respondeat superior* does not apply to § 1983 actions). As the *Burks* court stated:

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not

> only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.

*Burks*, 555 F.3d at 595. Plaintiff's assertions that Defendants Madigan and Higgerson are "responsible for protecting the people of the State of Illinois" and that the Attorney General has the right to intervene to correct a deprivation of constitutional rights fall far short of stating a civil rights claim against them for Lawrence officials' alleged denial of medical care to Plaintiff. Indeed, his claims border on the frivolous. Plaintiff's claims against Defendants Madigan and Higgerson are thus subject to dismissal pursuant to § 1915A.

Count One shall be dismissed without prejudice. Should Plaintiff desire to pursue any claim against the Lawrence officials who were directly responsible for his medical care, he is free to do so in a new lawsuit. The Court expresses no opinion on the potential merits of such a claim.

**<u>Dismissal of Count Two – Negligence</u>**

If the complaint had stated a viable constitutional claim, this Court would have supplemental jurisdiction over a related state-law tort claim, such as the common-law negligence claim mentioned by Plaintiff. *See* 28 U.S.C. § 1367(a); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). But because Plaintiff's federal claims (and this action) shall be dismissed, his negligence claim shall likewise be dismissed, without prejudice. *See Groce v. Eli*

*Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). Nothing in this Order shall be construed as a comment as to the merits of such a negligence claim.

**Dismissal of Count Three – Federal Tort Claims Act**

Finally, Plaintiff indicates that he wishes to include a claim under the Federal Tort Claims Act ("FTCA"), and he names the United States as a Defendant, as is appropriate for a FTCA claim (Doc. 1, p. 1). The FTCA, however, provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. The only other named Defendants, Illinois Attorney General Madigan and Assistant Attorney General Higgerson, are state officials. The same would be true if Plaintiff had included any Lawrence officials as Defendants. Therefore, Plaintiff's claims do not fall within the jurisdiction of the FTCA. For this reason, Count Three shall be dismissed with prejudice.

**Disposition**

**COUNTS One and Two** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNT Three** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendants **MADIGAN** and **HIGGERSON** are **DISMISSED** from this action without prejudice. Defendant **UNITED STATES OF AMERICA** is **DISMISSED** from this action with prejudice.

For the reasons stated above, this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

The Court is mindful that a plaintiff whose complaint fails to state a claim for relief should ordinarily be given an opportunity to amend the complaint in order to correct the problem. *See* FED. R. CIV. P. 15(a); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (reversing dismissal with prejudice); *Foster v. DeLuca*, 545 F.3d 582, 584-85 (7th Cir. 2008)

(reversing dismissal with prejudice where district court did not explain reason for denying leave to amend). Leave to amend need not be granted, however, if it is clear that any amendment would be futile, as it would be here. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). In this case, the Court cannot conceive of any viable theory of liability that Plaintiff might assert against the named Defendants, given the factual allegations in his complaint. Any potentially sustainable claim based on the denial of medical care to Plaintiff at Lawrence would constitute an entirely different case, involving distinct defendants and new sets of facts pertaining to their acts and/or omissions. Such a claim would not be appropriately brought via an amended complaint in the present action, in which Plaintiff consciously chose targets other than his primary caregivers at the prison.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C.

§ 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: November 16, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**